**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**IKECHUKWU OKORIE, M.D.,** *et al.* **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 2:17-cv-2-KS-MTP**

**ACE FUNDING SOURCE, LLC,** *et al.* **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon the Plaintiffs' failure to timely serve process and prosecute his case against Defendants Ram Capital Funding, LLC, Steve Reich, Small Business Capital Services, and Michael Katz. A review of the docket reflects that no proof of service has been filed for these Defendants, and no one has entered an appearance on their behalf. For the reasons which follow, the undersigned recommends that these Defendants be dismissed from this action without prejudice for Plaintiffs' failure to serve process.

Plaintiffs filed their complaint on January 6, 2017. *See* [1]. Plaintiffs had a duty to properly serve defendants with process within 90 days, and file proof of service with the Court. *See* Fed. R. Civ. P. 4(c) (providing that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)"); Fed. R. Civ. P. 4(l). This case has been pending before this Court for approximately 170 days, and no proof of service for these Defendants has been filed.

The Court has already provided Plaintiffs an extension of time to serve process and file proof with the Court, and they failed to do so.[1] Plaintiffs' deadline to serve Defendants after this

---

[1] The Court also notes that Plaintiffs only had summons reissued for Ace Funding Source, LLC and ML Factors, LLC after he was given an extension of time to serve process. Plaintiffs did not have summons reissued for the above named defendants.

1

extension was May 19, 2017. The docket does not reflect that Plaintiffs have served process as ordered, nor have Plaintiffs requested additional time to do so.[2] Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . ."

## RECOMMENDATION

A review of the docket reflects that Plaintiffs failed to serve Defendants Ram Capital Funding, LLC, Steve Reich, Small Business Capital Services, and Michael Katz within the 90 days provided by Rule 4 or within the allotted time extension provided to them by the Court. Therefore, the undersigned recommends that the claims against Defendants Ram Capital Funding, LLC, Steve Reich, Small Business Capital Services, and Michael Katz be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and

---

[2] Plaintiffs terminated their previous counsel, and they retained new counsel who entered an appearance on June 15, 2017. *See* Notice [42]. New counsel has filed no motions on behalf of Plaintiffs since entering an appearance.

recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 26th day of June, 2017.

                                                  s/ Michael T. Parker  
                                                  United States Magistrate Judge